ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- | ) ) ) |
| Standbuy Distributors, Inc. | ) ASBCA No. 62721-EAJA ) |
| Under Contract No. SPE7M3-19-P-0080 | ) |

APPEARANCE FOR THE APPELLANT: Dale Gipson, Esq.
 Lanier Ford Shaver & Payne P.C.
 Huntsville, AL

APPEARANCES FOR THE GOVERNMENT: Daniel K. Poling, Esq.
 DLA Chief Trial Attorney
 Tyson McDonald, Esq.
 Mandy Chiles, Esq.
 Trial Attorneys
 DLA Land and Maritime
 Columbus, OH

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S
EQUAL ACCESS TO JUSTICE APPLICATION

Appellant, Standbuy Distributors, Inc. (SDI), applies for $21,181.25 in attorneys' fees in ASBCA No. 62721, pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (app. at 1).* In *Standbuy Distributors, Inc.,* ASBCA No. 62721, 2021 WL 3235172 (July 12, 2021), we held that the government's January 24, 2020 revocation of its acceptance of 111 range finders was untimely because it knew, or had reason to know, as early as July 13, 2016, and no later than November 5, 2018, that SDI had been providing parts other than those that the government had requested. Familiarity with that opinion is presumed.

---

* Although in the first paragraph of its EAJA application, Standbuy requests $20,293.75, in the concluding paragraph of that application and its reply to the government's answer to the application, Standbuy requests $21,181.25 (app. at 1, 4; reply at 3). In its response to the application, the government references only the $21,181.25 amount (answer at 4). We understand Standbuy to be requesting $21,181.25. Standbuy also requests an additional "allowable amount of fees incurred in connection with this application" (app. at 4; reply at 3), which request, because that additional amount is unspecified, we disregard.

EAJA provides that a business with a net worth less than $7,000,000 that prevails before the Board shall be awarded the fees and other expenses that it incurred, unless the position of the government was substantially justified or other circumstances make such an award unjust. *Buck Town Contractors & Co.,* ASBCA No. 60939, 20-1 BCA ¶ 37,705 at 183,048. The government disputes only whether its position was substantially justified (gov't resp. at 1). To prevail in its substantial justification defense, the government must demonstrate that a reasonable person could think the government's position is correct; that is, that the position has a reasonable basis in law and fact. *Buck Town*, 20-1 BCA ¶ 37,705 at 183,048. Substantial justification is determined on the basis of the entire record before the Board, and the entirety of the government's conduct. *Id.*

Taking into account the entire record before the Board, and the entirety of the government's conduct, the government fails to satisfy that burden. Although no precise formula exists to determine the reasonableness of the delay in revoking acceptance of accepted items, and although the determination must be made on a case-by-case basis, *American Renovation and Construction Co.,* ASBCA Nos. 53723, 54038, 2009-2 BCA ¶ 34,199 at 169,056-57, and even considering that SDI mislabeled most of the parts that it supplied and failed to label the others, the government fails to demonstrate that it was reasonable (and cites no case in which it was found reasonable) to have waited more than 14 months and as many as 42 months to decide whether to revoke the acceptance of accepted items.

SDI is awarded $21,181.25

Dated: May 25, 2022

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62721-EAJA, Appeal of Standbuy Distributors, Inc., rendered in conformance with the Board's Charter.

Dated: May 25, 2022

_for Jammye D. Abbott_

_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals